## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.   14-cv-01808

Instamart Fulfillment LLC, a Colorado Limited Liability Company, and
Instamart IP, LLC, a Wyoming Limited Liability Company,

      Plaintiffs,

v.

Instacart, Inc., a Delaware corporation,
Instacart FC Fund I, LLC, a Delaware Limited Liability Company, and
Maplebear, Inc., D/B/A Instacart, a Delaware corporation,

      Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiffs, Instamart IP, LLC and Instamart Fulfillment LLC by and through their undersigned attorney, for their Complaint against Defendants, Instacart, Inc.; Instacart FC Fund I, LLC; and Maplebear, Inc., state as follows:

## <u>PARTIES</u>

1.    Plaintiff, Instamart IP, LLC, ("Instamart IP") is a Wyoming LLC (limited liability company), and is the owner of the "INSTAMART" trademark, which in the subject of this action. Instamart Fulfillment, LLC, is a Colorado LLC with its principal place of business at 82 Inverness Drive East, Unit C, Centennial, CO 80112, and is a licensed user the INSTAMART trademark.

1

2.      Defendant, Maplebear, Inc., ("Maplebear") is a Delaware corporation organized on August 3, 2012, doing business as Instacart. Maplebear jointly and in concert with Defendant, Instacart, Inc., a Delaware corporation organized on May 29, 2012, and Defendant, Instacart FC I, LLC, a Delaware limited liability company organized on January 2, 2013, upon information and belief have offices within this district and are doing business throughout the United States and within the District of Colorado, and are engaged in continuous and systematic business within the District of Colorado, as evidenced by Exhibit B, and including the commission of acts of trademark infringement and unfair competition as hereinafter stated.

## JURISDICTION AND VENUE

3.      This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1331, 1338, and 1367, because there is a federal question, and there is diversity of citizenship between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars.

4.      The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367. Upon information and belief, this Court has personal jurisdiction over Defendants.

5.      Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. §1400 since Defendants have, through their agents, committed acts of infringement and conducted business in the State of Colorado and this judicial district. Such events include, but are not limited to, sales, marketing, distribution, offers for sale in Colorado, in

addition to contributory and inducing conduct relative thereto, and as evidenced by Exhibits A and B, Defendants have established at least one place of business in this district.

## BACKGROUND

6.      In  2010, Plaintiff's predecessor in interest, Instamart LLC, a Colorado limited liability company, commenced preparations for launching an innovative system for providing on-line grocery store services, including on-line retail sales of groceries and featuring home delivery service, and also including phone-in sales of groceries that are then delivered to the purchaser.

7.      On November 9, 2010, the predecessor in interest to Plaintiff, Instamart IP, LLC, InstaMart, LLC, filed an intent-to-use trademark application ("ITU application") with the United States Trademark Office ("Trademark Office") for registration of its trademark INSTAMART in association with retail and on-line grocery store services featuring home delivery service, as well as retail grocery stores featuring phone-in orders.  The ITU application was given Serial Number 85172622 ("the '622 ITU Application") by the Trademark Office.

8.      After examination of the '622 ITU Application, and concluding that the mark was not confusingly similar to other registered trademarks, the Trademark Office published the application for opposition, giving the public an opportunity to oppose the registration, and issued a Notice of Allowance on June 28, 2011, after the opposition period expired, without opposition from the public.

9.      The '622 ITU Application was assigned to Plaintiff, Instamart IP, LLC, on March 10, 2013.

10.     A printout from the website instamart.com operated by plaintiff, Instamart

Fulfillment LLC illustrating the use of Plaintiff's trademark is attached as Exhibit C.

Instamart Fulfillment LLC uses the trademark pursuant to license for Instamart IP, LLC.

11.     On June 21, 2014, Plaintiff, Instamart IP LLC through the use of the Internet

website, www.instamart.com operated by plaintiff Instamart Fulfillment LLC went "live"

accepting orders, for groceries and for deliveries of the groceries placed over the Internet.

The orders were to be fulfilled by Plaintiff, Instamart Fulfillment, LLC. On Monday June

23, 2014, Plaintiff, Instamart IP, LLC, notified the Trademark Office of the use of the

INSTAMART trademark and requested registration of the mark in the Principal Register

of the Trademark Office, based on actual use of the mark. On June 28, 2014, Plaintiff,

Instamart IP, LLC further supplemented its statement of use to the Trademark Office,

explaining that plaintiffs are related companies.

12.     Based on information and belief, on June 24, 2014, Defendant, Maplebear, Inc.

and/or Instacart, Inc., and/or Instamart FC Fund I, LLC, d/b/a Instacart, began offering

delivery services for groceries ordered online to Colorado customers under the mark

"INSTACART". See attached Exhibits A and B.

13.     Defendants use the INSTACART mark in direct competition with Plaintiff's

INSTAMART trademark.

14.     Defendant first used the INSTACART mark after the date of filing of Plaintiff's

application for registration of the INSTAMART trademark.

15.     Defendant began using the INSTACART trademark in Colorado after June 21,

2014.

16.     The INSTACART mark is confusingly similar to Plaintiff's INSTAMART mark as used with online sales of groceries and delivery of groceries.

17.     The INSTAMART mark is a "coined", inherently distinctive mark, which has provided trademark rights in the good will associated with Plaintiff's services.

### FIRST CLAIM FOR RELIEF
**(Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114)**

18.     Plaintiffs incorporate herein by reference each and every allegation in paragraphs 1 through 17.

19.     Defendants' activities constitute willful, deliberate and intentional infringement of an inherently distinctive trademark used in commerce, in violation of the Lanham Act, 15 U.S.C. § 1114.

20.     Defendants' infringement has damaged the goodwill associated with Plaintiffs' trademark and business, in an amount to be ascertained at trial, and continues to cause such harm unless enjoined by this Court.

### SECOND CLAIM FOR RELIEF
**(Unfair Competition Under the Lanham Act, 15 U.S.C. §1125(a))**

21.     Plaintiffs incorporate herein by reference each and every allegation in paragraphs 1 through 20.

22.     Defendants' activities in offering services in connection with the confusingly similar trademark, INSTACART, in the United States, and particularly in Colorado constitutes the use of words and symbols, false designations of origin, false descriptions and false and misleading representations which are likely to cause confusion and mistake and to deceive, as to the affiliation, connection and association of Defendants' services with Plaintiffs and the origin, sponsorship and approval of Defendants' services by

Plaintiffs, and constitute the use of false descriptions and false and misleading representations of fact in commercial advertising and promotion, misrepresenting the nature, character and quality of Defendants' services.

23.     Defendants have caused the sale of services through the use of the infringing trademark in commerce, in violation of 15 U.S.C. §1125(a).

24.     Defendants' infringement has damaged the goodwill associated with Plaintiffs' trademark and business, in an amount to be ascertained at trial, and continues to cause such harm unless enjoined by this Court.

### THIRD CLAIM FOR RELIEF
### (Deceptive Trade Practices under C.R.S.A. § 6-1-105)

25.     Plaintiffs incorporate herein by reference each and every allegation in paragraphs 1 through 24.

26.     Defendants have caused the sale of services through the use of a confusingly similar mark has resulted in the passing off of Defendants' services for the services of Plaintiffs, and Defendants have done so with the knowledge of the creation of false impression of Defendants' services as being associated with Plaintiffs' services, in violation Section 6-1-105 of the Colorado Revised Statutes Annotated.

27.     Defendants' deceptive acts have damaged the goodwill associated with Plaintiffs' trademark and business, and resulted in lost sales in an amount to be ascertained at trial, and continues to cause such harm unless enjoined by this Court.

### Fourth Claim For Relief
### (Unjust Enrichment)

28.     Plaintiffs incorporate herein by reference each and every allegation in paragraphs 1 through 27.

29.     Defendants' deceptive acts have resulted in lost sales to Plaintiffs and unjust enrichment of Defendants through these lost sales in an amount to be ascertained at trial.

**Fifth Claim For Relief**
**(Injunctive Relief)**

30.     Plaintiffs incorporate herein by reference each and every allegation in paragraphs 1 through 29.

31.     Defendants' continued use of the INSTACART has caused and continues to cause irreparable harm to Plaintiffs and consumers as a result of Defendants use of the confusingly similar mark, INSTACART, unless Defendants are required to cease and desist from advertising, offering for sale, selling services in association with the INSTACART mark.

32.     Damages to Plaintiffs are continuing and difficult to quantify, and equitable relief is just and proper under the circumstances.

33.     Plaintiffs are likely to succeed on the merits of its claims, and preliminary injunctive relief is necessary to preserve the status quo pending trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests that judgment be entered in its favor and against Defendants as follows:

A.     Declaring that Defendants have infringed the INSTAMART trademark;

B.     Issuing temporary, preliminary, and permanent injunctions enjoining Defendants, its officers, agents, subsidiaries, and employees, and those in privity with or that act in concert with any of the foregoing, from further activities that constitute infringement of the INSTAMART trademark;

C.      Awarding Plaintiffs damages arising out of Defendants' infringement in an amount not less than lost profits or for each act of infringement pursuant to 15 U.S.C. §1117, together with costs and pre- and post-judgment interest;

D.      Awarding Plaintiffs all compensatory, treble, punitive, statutory or other damages allowable under the law for the claims asserted against Defendants; and

E.      Awarding Plaintiffs any such further legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

DATED:   June   , 2014.

Respectfully submitted,

/s/ Ramon Pizarro
Ramon L. Pizarro
3515 South Tamarac Drive, Suite 200
Denver, CO  80237
Tel: (Direct) (303) 785-2819
Tel: (Main) (303) 779-9551
e-mail: ramon@ramonpizarro.com

ATTORNEY FOR PLAINTIFFS

Address of Plaintiff Instamart Fulfillment, LLC:

82 Inverness Drive East, Unit C
Centennial, CO 80112

Address of Plaintiff Instamart IP, LLC:

1621 Central Avenue
Cheyenne, Wyoming 82001