**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-01808-CMA-KMT

INSTAMART FULFILLMENT LLC, a Colorado limited liability company, and
INSTAMART IP, LLC, a Wyoming limited liability company,

      Plaintiffs,

v.

MAPLEBEAR, INC., D/B/A INSTACART, a Delaware corporation,

      Defendant.

---

**AGREED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE
OF DISCOVERY MATERIALS**

---

      Plaintiffs and counterclaim-defendants Instamart Fulfillment LLC and Instamart IP, LLC (collectively "Instamart") and defendant and counterclaim-plaintiff Maplebear, Inc. ("Maplebear") (collectively referred to herein as the "Parties") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1.      **PURPOSES AND LIMITATIONS**

(a)      Unless otherwise agreed by the Parties, Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)      The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).   Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.   If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.      **DEFINITIONS**

(a)      "Confidential" Information or Items means information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under the standards developed under Fed. R. Civ. P. 26 (c).

(b)      "Counsel" (without qualifier) means Outside Counsel and Jack Leon Fetzer.

(c)      "Designating Party" means a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

(d)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(e)     "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or consultant in this action and who is not a past or current officer, director or employee of a Party to this action or of a competitor of a Party to this action and who at the time of retention and the time of disclosure of Protected Material is not anticipated to become an officer, director or employee of a Party to this action or of a competitor of a Party to this action.

(f)     "Highly Confidential – Attorneys' Eyes Only" Information or Items means extremely sensitive Confidential Information or Items, disclosure of which to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

(g)     "Outside Counsel" means   counsel who are not officers, directors or employees of a Party and who appear on the pleadings as counsel for a Party in this action, partners and associates of such counsel to whom it is reasonably necessary to disclose the information for this litigation, and their paralegals and support staff.

(h)     "Party" means any party to this case, including all of its officers, directors, employees, and outside counsel and their support staffs.

3

(i)    "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(j)    "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstratives; organizing, storing, retrieving data in any form or medium) and their employees and subcontractors.

(k)    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as provided for in this Order.

(l)    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

**3.    COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

**4.    SCOPE**

(a)    The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any

purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**5.     DURATION**

Even after the termination of this case, and unless otherwise indicated in this Order, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or an order from this Court otherwise directs.

**6.     ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     <u>Basic Principles</u>.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, or any business or competitive purpose or function, except as expressly provided herein.  Protected Material shall not voluntarily be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)    <u>Secure Storage</u>.    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(c)    <u>Legal Advice Based on Protected Material</u>.   Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Materials themselves, the content of those Protected Materials, or the fact of those particular Protected Materials' existence except as provided in this Order.

(d)    <u>Limitations</u>.   Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) with the consent of the Producing Party; or (iv) pursuant to order of the Court.  Notwithstanding the foregoing, a Producing Party may not disclose its own Protected Material to the extent such Protected Material is also the Protected Material of any other Party (e.g., settlement discussions and agreements containing confidentiality obligations), without the prior written consent of such other Party, unless compelled to do so by a Court of competent jurisdiction.

## 7.    <u>DESIGNATING PROTECTED MATERIAL</u>

(a)    <u>Available Designations</u>.   Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets

the requirements for such designations as provided for herein: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b)     <u>Restraint and Care in Designating Material for Protection.</u> Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Producing Party to sanctions.

(c)     <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the

digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(d)    <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony are designated within twenty one (21) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript that has been deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as a result of no designation having been made on the record at the time the testimony was given, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective

Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel (subject to Paragraph 9(a)(i)), the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

## 8. <u>DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"</u>

(a)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel;

(ii)     Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)     The officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(iv)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(v)    During their depositions, witnesses in the action (other than persons described above in Paragraph 8(a)(iv)) to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.  Witnesses shown Protected Material shall not be allowed to retain copies;

(vi)    Any Expert retained by the Receiving Party to assist in this action, provided that (a) disclosure is only to the extent necessary to perform such work; and (b) such Expert has already agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

(vii)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(viii)    The Court, jury, and court personnel;

(ix)    Document processing and hosting vendors, and graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(x)     Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(xi)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(xii)     Any other person with the prior written consent of the Producing Party or by order of this Court.

**9.     DISCOVERY     MATERIAL     DESIGNATED     AS     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel.  Unless otherwise agreed, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to Jack Leon Fetzer.  For documents   designated   by   defendant   as   "HIGHLY   CONFIDENTIAL   – ATTORNEYS' EYES ONLY," in addition to the version that may be disclosed only to plaintiffs' Outside Counsel, defendant shall provide a redacted version that, to the extent it is practical to do so, redacts only those portions that qualify for the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, which for purposes   of   this   subparagraph   means   extremely   sensitive   Confidential Information or Items, disclosure of which to Jack Leon Fetzer would create a substantial risk of serious harm that could not be avoided by less restrictive means.  The redacted version shall bear the same document production number

as the unredacted version along with the further designation "REDACTED FOR JACK LEON FETZER" and may be disclosed to Jack Leon Fetzer and, subject to the restrictions of this Order, the other individuals listed in Paragraph 9(a).  Where the entire document qualifies for the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation or it otherwise would not be practical to redact only those portions, defendant may instead provide a log that identifies such documents by document production number.

(ii)     Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(iv)    Any Expert retained by the Receiving Party to assist in this action, provided that (a) disclosure is only to the extent necessary to perform such work; and (b) such Expert has already agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

(v)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(vi)    The Court, jury, and court personnel;

(vii)   Document processing and hosting vendors, and graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(viii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)    Any other person with the prior written consent of the Producing Party or by order of this Court.

10.    **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)    A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)    Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)    The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)    Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice any Party from

arguing for or against any designation or redaction, establish any presumption that a particular designation or redaction is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party or non-party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## 11.    SUBPOENAS OR COURT ORDERS

(a)    If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party or non-party who has produced such Discovery Material and to its counsel and shall provide each such Party or non-party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

## 12.    FILING PROTECTED MATERIAL

(a)    Absent written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material.

(b)    When filing any Protected Material, such documents shall be filed and served separately and in accordance with the Local Rules for the

Federal District Court for the District of Colorado ("Local Rules"), the Electronic Case Filing ("ECF") Procedures, and the ECF User Manual for such district so that such documents are sealed from public view.  Service of such Protected Material on all counsel for the named parties shall be in accordance with such Local Rules and ECF procedures, and be accompanied by a cover page or similar designation as provided under the Local Rules.  All other documents not designated as Protected Material shall be filed separately in accordance with such Local Rules and ECF procedures so that they are otherwise made publicly available.

### 13.   <u>INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL</u>

(a)   The inadvertent production by a Producing Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a notice and request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)   Upon a notice and request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return within five (5) days of such notice and request such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Within ten (10) days of the Producing Party's notice and request for the return and/or destruction of privileged Discovery Material, the Producing Party shall provide a privilege log with entries for the inadvertently produced document(s).   The Producing Party shall maintain the referenced document(s) until the Parties resolve any dispute concerning the privileged nature of such documents or the Court rules on any motion to compel production of such documents.     If a dispute arises concerning the privileged nature of the document(s) demanded or returned, the Parties shall meet and confer in good faith in an effort to resolve the dispute.   If the Parties are unable to resolve the dispute, the Receiving Party may file a motion to compel the production of such document(s).   In the event of such a motion to compel, the Producing Party shall have the burden to demonstrate the claimed privilege, work product immunity or other immunity.   However, in no case will the return of any demanded document be delayed or refused by reason of a Party's objection to the demand or by the filing of a motion to compel, nor may a Party assert the fact of the inadvertent production as a ground for any such motion.   The Parties further agree that the Receiving Party will not use or refer to any information contained within the document(s) at issue, including in deposition or at trial or in any Court filing, unless and until such a motion to compel production of that document is granted by the Court, except as such information may appear in any applicable privilege log.

## 14.   <u>INADVERTENT FAILURE TO DESIGNATE PROPERLY</u>

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for

under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate.  The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly.

(b)      A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives the notice described in Paragraph 14(a).  Once a Receiving Party has received the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

(c)      Protected Material produced without the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be so designated subsequent to production when the Producing Party failed to make such designation at the time of production through inadvertence or error. If Discovery Material is designated subsequent to production, the Receiving Party promptly shall collect any copies that have been provided to individuals so that they can be re-labeled with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation.

### 15.   INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

### 16.   FINAL DISPOSITION

(a)     Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Receiving Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the

provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes.

**17.   <u>MISCELLANEOUS</u>**

(a)   <u>Right to Further Relief</u>.   Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.   By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)   <u>Termination of Matter and Retention of Jurisdiction</u>.   The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter.   The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)   <u>Successors</u>.   This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)   <u>Right to Assert Other Objections</u>.   By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.   Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.   This Order shall not constitute a waiver of the

right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     Burdens of Proof and Legal Standards.    Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     Modification by Court.    This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.   The United States District Court for the District of Colorado is responsible for the interpretation and enforcement of this Order.    All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the District of Colorado.

(g)     Discovery Rules Remain Unchanged.    Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Colorado, or the Court's own orders.   Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Colorado, or the Court's own orders.

(h)    <u>Supersession of Any Protective Orders</u>.  Except as otherwise set forth in this paragraph, this Protective Order supersedes any protective orders referenced by the Parties as applying to material disclosed before the entry of this Protective Order.  Any discovery material disclosed by any Party before the entry of this Protective Order shall retain whatever confidentiality designation it originally bore.

**STIPULATED AND AGREED:**

Dated:  January 13, 2015

*/s/ Jack Leon Fetzer*
Jack Leon Fetzer
299 Jasmine Street
Denver, CO 80220
Telephone: (303) 335-9218

Ramon L. Pizarro
3515 South Tamarac Drive
Suite 200
Denver, CO 80237
Telephone: (303) 785-2819

*Counsel for Plaintiffs*

*/s/ Scott B. Kidman*
Scott B. Kidman
QUINN EMANUEL URQUHART
   & SULLIVAN LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California  90017
Telephone:  (213) 443-3000

Marc C. Levy
Faegre Baker Daniels LLP
1700 Lincoln Street, Suite 3200
Denver, CO 80203
Telephone: (303) 607-3600

*Counsel for Maplebear, Inc.*

SO ORDERED this 20th day of January, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-01808-CMA-KMT

INSTAMART FULFILLMENT LLC, a Colorado limited liability company, and
INSTAMART IP, LLC, a Wyoming limited liability company,

      Plaintiffs,

v.

MAPLEBEAR, INC., D/B/A INSTACART, a Delaware corporation,

      Defendant.

---

**DECLARATION**

---

I _____ , am employed by
_____. In connection with this action, I:

_____    am an in-house counsel to one of the parties to this action;

_____    am a director, officer or employee of _____ who is
directly assisting in this action;

_____    have been retained to furnish technical or other expert services or to
give testimony;

_____    am otherwise a qualified recipient (as defined in Paragraph 8(b) or
9(b) of the Protective Order)
(Describe:_____).

I have read, understand and agree to comply with and be bound by the terms of
the Protective Order in the above-captioned matter.  I further state that the
Protective Order entered, or to be entered, by the Court, a copy of which has
been given to me and which I have read, prohibits me from using any Protected
Material, including documents, for any purpose not appropriate or necessary to
my participation in this case or disclosing such documents or information to any
person not entitled to receive them under the terms of the Protective Order.  To
the extent I have been given access to Protected Material, I will not in any way
disclose, discuss, or exhibit such information except to those persons whom I
know (a) are authorized under the Protective Order to have access to such

information, and (b) have executed a similar Disclosure Agreement as this.  I will return all materials containing Protected Material, copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated, or I will destroy all such materials.  I agree to be bound by the Protective Order in every aspect and to be subject to the jurisdiction of the United States District Court for the District of Colorado for purposes of its enforcement and the enforcement of my obligations under this Disclosure Agreement.  I declare under penalty of perjury that the foregoing is true and correct.

_____
Signed by Recipient

_____
Name (printed)

_____
Present Occupation/ Job Description

_____
Name of Company or Firm

_____
_____
_____
_____
Address

_____
Date